## Townsnnd v. Moore.

'Where the parties, having been defendants but of adverse interests in a suit that had been compromised with the plaintiffs, to obviate further litigation, agreed that their attorneys should decide upon and make an adjustment of their respective rights, and in case their attorneys could not agree that they should appoint an umpire, and the attorneys not agreeing did appoint an umpire, whose decision, in the shape of a written opinion, together with the agreement signed by the attorneys of record of the parties, and a decree in accordance with the opinion given, was filed in the case, and on the next day was made the judgment of the Court, without objection, the judgment was held not to be a judgment upon an award, but by consent, and therefore a waiver of errors.

Error from Travis.

*Hamilton* and *Walton*, for plaintiff in error.

*Webb & Oldham*, for defendant in error.

WHEELER, J.    The record discloses that, in order to a speedy adjustment of the rights of these parties, growing out of the suit pending against them by Luckett, with whom they had compromised, and to obviate the necessity of further litigation, it was agreed, that their attorneys should decide upon and make an adjustment of their respective rights; and in case of their inability to agree they should call in an umpire. They, not agreeing, did choose an umpire who gave his opinion in writing. This opinion, together with the agreement signed by the attorneys of record of the parties, and a " decree " in accordance with the opinion given, was filed in the case; and on the next day was made the judgment of the Court without objection. More than a year afterwards this writ of error was prosecuted.

We do not regard the present as a judgment rendered upon an award. We think it sufficiently apparent, from the ex-

Townsend v. Moore.

press object and terms of the agreement, and the proceedings thereon, that the judgment was rendered agreeably to the mutual understanding, and by the consent of the parties. The entry of the judgment does not recite the appearance of the parties ; but this doubtless was a mere clerical omission ; as the parties were in Court represented by their attorneys of record. They were there, moreover, ascertaining, and agreeing upon an adjustment of, their respective rights, respecting the suit, with the express object of obviating the necessity of further litigation. This, it evidently was their intention to do, by making the result of the compromise, in which they were engaged, the judgment of the Court. And to effectuate the object proposed, the judgment was doubtless entered by their mutual consent. On inspection of the record, we think it free from doubt, therefore, that the judgment is to be considered as a judgment rendered by the agreement and consent of the parties ; having, consequently, the effect of a judgment by confession. And as consent is a waiver of errors, it is unnecessary to discuss the errors assigned. The judgment is affirmed. (See Dunman v. Hartwell, 9 Tex. R. 495 ; Burton v. Varnell, 1 Id. 635 ; Merritt v. Clow, 2 Id. 582 ; Burton v. Lawrence, 4 Id. 373.)

Judgment affirmed.