EUGENE F. SAWYER, ASSIGNEE, v. WILLIAM McADIE ET AL.

*Assignment for benefit of creditors—Submission of controversy to chancery court—Evidence.*

A claimant of personal property in the possession of an assignee of an insolvent debtor, who *voluntarily* submits the question of title to the chancery court under the statute giving to that tribunal a supervisory control of such controversies, is bound by such submission and the decision of the court thereon, as is a *third* party claiming under such claimant.

Error to Wexford. (Fallass, J.) Argued May 11, 1888. Decided May 18, 1888.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*James R. Bishop,* for appellant.

*William E. Grove,* for defendants.

[The points of counsel are fully stated in the opinion.— REPORTER.]

MORSE, J. This is an action in replevin to recover the possession of certain patterns and loose tools connected with and belonging to the business of the firm of Cummer & Hen-

derson, who, previous to their failure, had carried on and operated shops in Cadillac, Mich., known as the "Michigan Iron Works."

In the fall of 1882, Henry D. Wallen, of Grand Rapids, Mich., sold to Cummer & Henderson each an undivided one-half interest in the land upon which the iron works were situated,—

"With all the machinery, tools, stock, and fixtures thereon and connected with said shops and business.'

Contracts of purchase were executed by the parties, and deeds were to be made upon the making of certain future payments in full of said purchase. Wallen conveyed his interest in these contracts to his wife, Augusta C. Wallen. These contracts were not fulfilled on the part of Cummer & Henderson, and had been declared forfeited before the commencement of this suit.

When the plaintiff, as assignee of Cummer & Henderson, took possession of their property, he concluded not to fulfill these contracts, and the question arose between him and Augusta C. Wallen as to what property should be returned to her. The assignment was made November 19, 1883. Soon after, it was agreed between plaintiff and Mrs. Wallen that all the heavy machinery attached to the building should go, with the real estate, to Mrs. Wallen. The assignee was permitted to retain the stock on hand. A dispute arose as to the ownership of the patterns and loose tools, files, wrenches, etc. Thereupon, on June 15, 1885, by a stipulation between the assignee and Mrs. Wallen, the question was submitted to the chancery side of the circuit court of Wexford county, for determination; the parties agreeing to abide by the decision of the circuit judge. The matter was accordingly submitted, and on November 3, 1885, the circuit judge filed with the register in chancery an order adjudging that said patterns and loose tools were the property of the insolvent's estate, and did not belong to Mrs. Wallen. Upon the trial, this

stipulation and award were offered in evidence; but the court refused to admit them. This action is assigned as error. We think the assignment is well taken.

The counsel for the defendants contends that a court of chancery has no jurisdiction to try and determine a controversy relating solely to the title to personal property, because in such case there is a plain and complete remedy at law. The statute relative to assignments provides that—

"The circuit court in chancery of the proper county shall have supervisory power of all matters, questions, and disputes arising under such assignment, except as otherwise provided in this act, and may, on the application of the assignee, or any person interested, make all necessary and proper orders for the management and disposition of the assigned property, the distribution of the assets and avails, the recovery of all property claimed by third persons, and may from time to time require new bonds or sureties, who shall justify as herein provided." How. Stat. § 8749.

While this provision would not bar or prevent a third party claiming property in the hands of the assignee as his own from enforcing his claim to the same in a court of law, yet, if he voluntarily goes before the court in chancery, and submits the matter to such court, we think he is bound by such submission and the decision of the court. In this case, Mrs. Wallen not only submitted the question of title to the court, but agreed in writing to abide the decision of the court. It was certainly a good common-law arbitration of the matter; and, there being no fraud or mistake in the submission, she is estopped from now impeaching it.

It is also further contended that, if the submission was good as between Mrs. Wallen and the plaintiff, it cannot affect the rights of the defendants, who were not parties to the transaction.

It appears from the record that, in pursuance of the understanding that the contracts were forfeited, the plaintiff, as assignee, about November 14, 1884, conveyed the property by deed to Mrs. Wallen, and at the same time took back from

her a written lease of the same for six months. The lease was of the buildings,—

" And all the appurtenances thereunto belonging, including all machines, fixtures, and tools therein contained."

On the expiration of the lease from Mrs. Wallen to Sawyer, the defendants took a lease from Mrs. Wallen of the same property, and entered into possession of the same. At the time they took such lease, they knew that there was a dispute between Mrs. Wallen and Sawyer as to the title to these patterns and loose tools. Sawyer demanded possession of the patterns and "loose tools" before the commencement of suit of defendants, who refused to deliver them to him.

Defendants' counsel claims that they acquired their possession before the controversy arose between Sawyer and Mrs. Wallen as to the ownership of the property in suit, and, not being parties to, or having notice of, such controversy, they are not bound by said proceedings in chancery.

But all the right to possession that the defendants claim is under Mrs. Wallen. If the property has been legally adjudicated to be the property of the assignee, and not of Mrs. Wallen, in a legal proceeding between her and the assignee, the defendants are bound by it, as they can have no greater or better title than that of Mrs. Wallen. They were defending the present suit on the theory that Mrs. Wallen owned the property, and it appears from the record that Mrs. Wallen was present defending the suit in person, and was the real defendant.

The fact of the deed from Sawyer to Mrs. Wallen, or the lease taken by him from her, reciting the conveyance of the "machines, fixtures, and tools therein contained," has no bearing upon the present controversy. These papers were executed before the submission of the question of the title to the patterns and "loose tools," which submission shows that the parties did not consider that the property in issue here was embraced in the deed or lease.

The other assignments of error are not in shape to be reviewed upon this record.

On account of the exclusion of the evidence of the proceedings in chancery, the judgment below will be reversed, and a new trial granted, with costs of this Court to plaintiff.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. LONG, J., did not sit.