Argued 13 December, 1898; decided 3 January, 1899.

## SMALL v. LUTZ.

[55 Pac. 529, 58 Pac. 79.]

</div>

1. JURISDICTION OF EQUITY—CONSENT OF PARTIES.—A bill in equity should be dismissed where the subject-matter of the litigation is entirely without the pale of equity, though both parties consent to a trial on the merits.

2. TRIAL—LAW ACTION.—Plaintiff brought ejectment, and defendant filed a complaint in equity in the nature of a cross bill. The parties stipulated that the findings of fact in the suit in equity should become the findings of fact in the action at law. Hill's Ann. Laws, § 381, provides that an action at law is stayed by a filing of such a complaint, pending its decision, and that the decree may provide for further proceedings in the action at law. *Held*, that on a dismissal of defendant's complaint, for want of equity, without any findings, it was error to render judgment in the action at law without making up the issues at law, and proceeding to a trial thereof.

3. ESTOPPEL BY STIPULATION—TRIAL.—A stipulation between the parties to an action at law in which a cross bill in equity was interposed, that the suit in equity shall proceed to trial, and that the findings of fact shall be filed in the law action, and judgment entered accordingly, is of no effect where the court, of its own motion, dismissed the cross bill for want of jurisdiction; and the law action must then proceed as if the cross bill had never been filed or the stipulation made.

4. COSTS.—Under the peculiar facts in this case, the defendant, who is appellant, should recover costs of the appeal, notwithstanding he failed to establish his claim to the property involved.

From Lake :   W. C. HALE, Judge.

In April, 1895, George H. Small commenced an action
in the Circuit Court for Lake County against Elmer D.
Lutz to recover possession of certain real property.   Lutz
answered by alleging that he was informed and believed
that he had a good defense in equity, but could not obtain
full or adequate relief at law, and at the same time filed
a cross complaint in which he alleges that he is in posses-
sion of the property in controversy, claiming in good
faith to own it in fee ;   that he claims title under and by
virtue of a patent from the United States issued to him
on April 15, 1895 ;   that on March 28, 1893, he applied
to the Register and Receiver of the proper United States
Land Office to file upon such lands as a homestead, and
was informed by such officers, and also by the Secretary
of the Interior, that they were public lands of the United
States subject to homestead entry ;   that, relying upon
these statements, on March 28, 1893, he filed thereon as
a homestead, and immediately thereafter entered upon,
and has ever since resided upon, cultivated and improved
the same ;   that on or about July 20, 1894, he commuted
his homestead, made final proof, and thereafter received
a patent thereto ;   that he relied upon the representations
of the Register and Receiver and the Secretary of the
Interior in making such settlement and purchase ;   that
he has made valuable and lasting improvements on the
premises, of the present value of $850 ; that Small claims
some right, title, or interest therein adverse to him, and
has commenced an action of ejectment to recover posses-
sion thereof.   On the following day a stipulation in writ-
ing was entered into between the parties and filed in the
action, which recites that "whereas, the defendant herein
has filed a bill in equity in the nature of a cross bill, set-
ting up an equitable defense to this action, in which all

the questions at issue in this cause are at issue in said suit, it is therefore stipulated, by and between the parties thereto, that the suit in equity shall proceed to trial, and that the findings of fact in said suit shall be filed in this action, and become the findings of fact in this action, and judgment herein shall be entered upon such findings of fact, so far as such findings of fact are within the issues raised by the pleadings in this action."

Small thereafter filed an answer to the cross bill, in which he admits all the material allegations thereof, except that Lutz's homestead entry was made in good faith, or that in making the same he relied upon the representations of the Register and Receiver, or Secretary of the Interior, that the land was open to settlement, and denies that the improvements thereon were made by him in good faith, or were of the value of $850, or any other sum whatever ; and for a further defense alleges that the land in controversy was granted by the United States to the State of Oregon as swamp and overflowed lands, by an act of congress of March 12, 1860, extending to Minnesota and Oregon the swamp land act of September 28, 1850, entitled "An act to enable the State of Arkansas, and other states, to reclaim the swamp lands within their limits ;" that, in pursuance of a provision of section 2 of the latter act, the Hon. H. M. Teller, the then Secretary of the Interior, did in September, 1882, approve and certify the lands in question to the State of Oregon as swamp and overflowed lands, within the meaning of such act, the same being included within what is known as "Approved List No. 5, Lakeview Series," and immediately forwarded such approved list to the Governor of the state ; that the defendant is the owner in fee of all such land by *mesne* conveyances from the state, and was in the actual and exclusive possession thereof, and had the same inclosed with a substantial fence and under

cultivation at the time defendant entered thereon to make his settlement and improvement as mentioned in the complaint, and that such entry was made by force and violence, and with knowledge of Small's rights. The answer further alleges that Small is entitled to the immediate possession of the premises in dispute, and that Lutz wrongfully withholds the same from him, to his damage, in the sum of $500, and concludes with the prayer that the patent to Lutz be canceled as a cloud upon his title, and that he recover the possession of the premises, and $500 damages, for the unlawful detention thereof.

The reply denies that the land in question was granted to the state by the swamp land act of 1860, or at any other time, or that Small is the owner thereof in fee, or otherwise entitled to the possession of the same, or was in possession or had the same inclosed or under cultivation at the time of Lutz's entry, or that his entry was with notice or knowledge of Small's possession and rights.

After the issues had thus been made up, the cause was, by agreement of the parties, sent to a referee to take and report the testimony; it being stipulated in writing, however, as a part of the facts in the case, that on September 28, 1886, the state conveyed by deed all the title which it acquired to the land in question under the swamp land act to one Allen, whose deed was recorded on January 12, 1888, and that Small has succeeded, by purchase, to the title acquired by Allen, his deed being recorded on April 15, 1895; that on December 27, 1888, William Vilas, the then Secretary of the Interior, duly made an order cancelling the list of swamp lands formerly approved by Secretary Teller, as alleged in the answer to the cross bill. The evidence having been reported by the referee and a trial had upon the pleadings and stipulation of the parties, and the evidence as

so reported, the court found, as conclusions of fact:
(1) That Small is the owner in fee of the property in
controversy, and that Lutz is not the owner of any in-
terest therein, and is not entitled to the possession; (2)
that Lutz entered upon the land on March 28, 1893,
while in the actual possession of Small, and with full
knowledge of his claim and title thereto, and now wrong-
fully withholds the possession thereof from Small; (3)
that the allegation in the cross bill that the value of the
permanent improvements put on the land by Lutz dur-
ing his occupancy thereof is greater than the value of
the use and occupation of the premises during such time
was not proven by the testimony.   And, as conclusions
of law, that Lutz is not entitled to any relief in equity,
and that Small is entitled to the possession of all the
premises in controversy, and to a decree for his costs
and disbursements; and thereupon entered a decree dis-
missing the cross bill for want of equity.   Upon the fil-
ing of these findings of fact, and the entry of the decree
dismissing the cross bill, the court, without any further
proceedings being had in the action at law, and without
making or filing any findings of fact or conclusions of
law therein, entered a judgment in such action reciting
that "this cause having been tried at the October term
of this court for the year 1895; and the court, not being
then advised as to what judgment should be entered,
took the same under advisement to be decided in vaca-
tion; and the parties thereto having stipulated that the
findings of fact in the suit mentioned in defendant's
amended answer, the same being in the nature of a cross
bill to this action, should be filed in this action and be-
come the findings of fact in this action, and that judg-
ment should be entered herein upon such findings of
fact; and the court having found as the facts in the
said suit that the plaintiff herein is the owner in fee of

all the property described in the complaint filed in this action, and entitled to the possession of the same, and that the defendant wrongfully withholds the same from the possession of this plaintiff; and the complaint in the nature of a cross bill mentioned in plaintiff's amended answer herein having been dismissed for want of equity; therefore, it is considered by the court that the plaintiff have and recover of and from the defendant herein, Elmer D. Lutz, the possession of the following described real property (described as in the complaint), and that he have execution for the same, and that the plaintiff recover of and from the defendant herein his costs and disbursements.'' From the decree entered in the suit in equity, as well as from the judgment entered in the law action, Lutz appeals.

REVERSED.

For appellant there was a brief over the name of *Watson, Beekman & Watson*, with an oral argument by *Mr. Edward B. Watson.*

For respondent there was a brief and an oral argument by *Mr. Chas. A. Cogswell.*

MR. JUSTICE BEAN, after making the foregoing statement of facts, delivered the opinion of the court.

1. It is clear, and is in fact admitted, that the cross bill does not state any facts requiring the interposition of a court of equity. It is, in substance and legal effect, nothing more than an answer to the complaint in the ejectment action. It appears from the pleading that the question sought to be tried is one of legal title only, and there are no circumstances stated showing either the necessity or the right of a court of equity to interfere with the trial thereof in a legal forum. The whole con-

troversy between the parties, as appears from the plead-
ings and the stipulation, hinges upon (1) the power of
Secretary Vilas to revoke and cancel, prior to the issu-
ance of a patent to the state, the swamp land lists ap-
proved by his predecessor in office; and (2), if he had
such power, the rights of a purchaser from the state of
the lands so certified, after such approval and before the
order of revocation. These questions are purely legal,
founded upon records accessible to both parties, and pre-
sent no equitable features whatever.

It has been the universal practice of courts of equity,
from their organization, to refuse to entertain suits for
establishing mere legal titles, for the reason that such a
practice would be subversive of the legal and constitu-
tional distinction between the different jurisdictions of
law and equity; and, as stated in the early case of
*Welby* v. *Duke of Rutland,* 6 Brown, Parl. Cas. 575, though
the admission of a party in the suit is conclusive as to
matters of fact, or may deprive him of the benefit of the
proceeding which, if insisted on, would exempt him from
the jurisdiction of the court, yet no admission of the
parties can change the law or give jurisdiction to a court
in a case of which it has no jurisdiction. Accordingly,
it is held that, when jurisdiction exists in equity over
the general subject, the parties may, by mutual assent,
litigate their differences in a court of equity, when the
assent of the defendant, if withheld, might induce the
court to refrain from the exercise of jurisdiction; but
where the subject-matter of the litigation is entirely with-
out the pale of equity, and cannot possibly be brought
within it, the rule is universal that the assent of the
parties cannot confer jurisdiction, but in such cases the
court *sua sponte* may take notice of the objection and its
want of jurisdiction and dismiss the bill: 1 Beach, Mod.
Eq. Jur. § 4; 1 Daniell, Ch. Pl. & Prac, 555; Pittsburgh

Drove-Yard Co.'s Appeal, 123 Pa. St. 250 (16 Atl. 625); *Reynes* v. *Dumont,* 130 U. S. 354, 395 (9 Sup. Ct. 486); *Sullivan* v. *Portland R. R. Co.,* 94 U. S. 806; *Derry* v. *Ross,* 5 Colo. 295. The Supreme Court of the United States in *Hipp* v. *Babin,* 60 U. S. (19 How.) 271, affirmed a decree of the circuit court dismissing a proceeding which was, in legal effect, an action of ejectment in the form of a bill in equity, although no objection was made by the parties; and in *Lewis* v. *Cocks,* 90 U. S. (23 Wall.) 466, reversed a decree with directions to dismiss such a bill, although the objection to the jurisdiction was not made by demurrer, plea, or answer, nor suggested by counsel, the court holding that it was nevertheless its duty *sua sponte* to recognize the objection and give it effect, it being the universal practice in equity to dismiss the bill if it be grounded upon a mere legal title. The doctrine of these and similar authorities which might be cited is that the court may, for its own protection and to preserve the distinction existing between the jurisdiction of the courts of law and equity, prevent matters purely cognizable at law from being drawn into equity at the pleasure of the parties interested. So that the trial court clearly committed no error in dismissing the cross bill for want of equity.

2. But it not only dismissed the bill, but immediately proceeded to enter judgment in the law action without any issues having been formed, trial had, or further proceedings taken therein. The effect, under the statute, of the filing of the alleged cross bill was to stay the proceedings at law until it should be disposed of, and, when it was dismissed for want of equity, it simply left the law action to proceed as if it had never been filed. It is true the parties stipulated that the findings of fact in the equity case should become the findings of fact in the law case, and judgment entered thereon, and it was, no

doubt, in pursuance of this stipulation, that the judgment in the law case was rendered; but it was evidently made on the theory that the cross bill stated facts sufficient to give a court of equity jurisdiction to determine the question in controversy between the parties, and that it would finally result after trial in a decree settling the title. Under that view, the stipulation was, in effect, simply what the law itself would have otherwise determined. The statute provides that the filing of a complaint in equity in the nature of a cross bill in an action at law *ipso facto* stays the proceedings at law, and that the case shall thereafter proceed as a suit in equity, in which further proceedings at law may be perpetually enjoined, or be allowed to proceed in accordance with the decree in the equity case: Hill's Ann. Laws, § 381. So that if the cross bill had been sufficient to give a court of equity jurisdiction, as the stipulation assumes, the decree therein determining the rights of the parties would have been conclusive in a law action without any stipulation of the parties to that effect. But when the cross bill was dismissed for want of equity, no question remained to be tried in that forum, and hence there could be no findings of fact upon issues legitimately before the court which could be binding in a law action. That the court assumed, notwithstanding its decree dismissing the bill for want of equity, to make some findings which embodied the conclusions of the trial judge as to the title of the respective parties, in no way affects this conclusion. The question of title was not properly before it for determination, and any finding or decree rendered therein in reference to the title was clearly erroneous. The only decree actually rendered, and, indeed, the only one proper, was one dismissing the suit or cross bill for want of equity, leaving the question of title to be tried in the forum where it belonged. After the court had

determined that there was no equity in the cross bill, and dismissed it for that reason, the issues should have been made up in the law case, and the action tried out. For this reason the decree in the equity proceeding will be affirmed, and the judgment in the law case reversed, and the latter remanded for further proceedings.

REVERSED.

Decided 7 August, 1899.

ON PETITION FOR REHEARING.

[58 Pac. 79.]

MR. JUSTICE BEAN delivered the opinion.

3.   It is claimed that the opinion filed proceeds upon the erroneous theory that the findings of fact made in the equity suit had not been filed in the action.   Upon that matter counsel is mistaken, for, although perhaps not clearly appearing in the opinion, it was assumed that the findings had been so filed, and that the judgment was entered thereon.   It was held, however, that, because the cross bill had been dismissed for want of jurisdiction, such findings could not legally become the basis of judgment.   It is also claimed that we erred in not holding that the stipulation that the pretended suit in equity should proceed to trial, and that the findings of fact should be filed in the law action, and judgment entered accordingly, was an agreement of the parties as to the mode of trial of the action, and that the appellant is estopped from questioning the regularity or validity of such judgment. But we think the stipulation cannot fairly be given that effect. It was entered into by the parties upon the apparent theory that the cross bill stated facts sufficient to give a court of equity jurisdiction to determine the matters in controversy, and that the decree therein would result in

settling the title.   On this basis it was agreed that, upon such decree and the findings, judgment should be entered in the law action, but not in case the cross bill should be dismissed for want of jurisdiction.   If the equity court had proceeded to try out the issues presented by the pleadings in the suit, and rendered a decree upon the merits, the parties would, no doubt, have been estopped to question its jurisdiction, or right to do so :  *Yates* v. *Russell*, 17 Johns. 461 ;  *Wear* v. *Ragan*, 30 Miss. 83 ;  *Sawyer* v. *McAdie*, 70 Mich. 386 (38 N. W. 292);  *Townsend* v. *Moore*, 13 Tex. 36.   But it properly refused to be bound by the stipulation, and *sua sponte* took notice of its want of jurisdiction, and dismissed the suit ;  thus leaving the law action to proceed as if the cross bill had never been filed. The petition for rehearing is denied.

4.   The remaining question is one of costs.   The proceedings on the equity side of the court, and the law action, had in purpose the accomplishment of but one object, and that was the trial of the title to the land in controversy.   The result of the litigation in the court below was a judgment in favor of Small.   Having appealed therefrom, and obtaining a reversal of such judgment, he is, in our opinion, entitled to costs in this court, notwithstanding the fact that the decree dismissing his cross bill was affirmed.

<div align="right">REHEARING DENIED.</div>