GORDON *v.* SHERMAN.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—EQUITY—JURISDICTION.
Such jurisdiction as the court of equity may have had to entertain a bill filed by creditors of an insolvent to set aside certain proceedings and sales of the assignee for irregularities in his appointment and in the sales and for fraud, was derived from chapter 260, 3 Comp. Laws (§§ 9539-9552; 5 How. Stat. [2d Ed.] § 14165 *et seq.*), providing for the regulation and enforcement of voluntary assignments for the benefit of creditors, and under which the assignment was made and filed: the court has power to direct and control the assignee in administering the trust. ·

2. SAME—PARTIES—BILL IN EQUITY.
Creditors and persons claiming title to property through alleged improper conduct of the assignee are proper parties to such bill.

3. SAME—CLAIMS.
The court is not, however, authorized to adjudicate claims of third persons to the assigned property, unless parties concerned voluntarily submit themselves to the jurisdiction of the court.

4. SAME—TRESPASSER—PARTIES—JUDGMENT.
A corporation that was interested in the proceedings only in that it was a trespasser on land belonging to the trust estate was not a proper party to the bill, but having submitted itself to the jurisdiction of the court by filing a cross-bill, it will be considered bound by any decree that may be entered.

5. SAME— CROSS-BILL— EQUITY— VENUE— MOTIONS—APPEAL AND ERROR.
Another defendant was entitled to object by timely motion to strike from the files the cross-bill of such defendant corporation, making the other defendants parties and requiring them to answer, being filed to quiet title to lands that were situated in a different county from that in which the suit was commenced; the practice was also proper, and the order made was final and appealable.

Appeal from Menominee; Flannigan, J. Submitted November 4, 1913. (Docket No. 64.) Decided March 26, 1914.

Bill by Alexander Gordon and others against James E. Sherman, Myron J. Sherwood, the Northwestern Cooperage & Lumber Company, and others to set aside the appointment of an assignee for the benefit of creditors of J. S. Edwards and cancel sales made by him. From an order granting the motion of the defendant Sherwood to strike from the files a cross-bill of defendant Northwestern Cooperage & Lumber Company, the latter appeals. Affirmed.

*A. H. Ryall,* for defendant Northwestern Cooperage & Lumber Co.

*M. J. Sherwood, in pro. per.*

OSTRANDER, J. Complainants, who claim to be creditors of one John S. Edwards, set up in their bill of complaint, filed August 7, 1911, in the circuit court, in chancery, of Menominee county, that said Edwards October 7, 1887, made an assignment of his property to one Jacob F. Schafer for the benefit of creditors, according to the statute, filing the instrument in the circuit court for the county of Menominee, and said Schafer accepted the appointment and died before completing administration of the estate, leaving real and personal property belonging thereto undisposed of. Complainants, with numerous other creditors, proved their claims against the debtor, and are still interested in the assigned estate as creditors thereof. The undisposed of assets of the debtor consisted of lands in Dickinson and Iron counties in this State, and a claim against the Northwestern Cooperage & Lumber Company for alleged wrongful cutting and removal of timber from the Iron county lands. No successor to the said Schafer, assignee, has been appoint-

ed in any proper proceeding. But on November 21, 1907, two persons, claiming to be creditors of Edwards, filed a petition in the circuit court for said Menominee county, in chancery, asking for the appointment of a successor to said Schafer as assignee.. This petition, on the same day, without notice to complainants or other creditors of Edwards, was brought on for hearing, and an order was made appointing James E. Sherman, of Marquette, Mich., assignee in the place of Schafer.. Sherman filed a bond as required and assumed the administration of the trust. All proceedings to appoint Sherman assignee, and all proceedings taken thereafter in relation to property of the estate, are, it is claimed, without authority; the court not having acquired jurisdiction in the premises. The new assignee, Sherman, December 14, 1907, filed a petition in said court, setting forth that lands in Dickinson and in Iron counties remained undisposed of and assets of said estate, that the creditors of Edwards had not been paid, and asked for an order authorizing the sale of the lands at public auction. Such an order was made December 24, 1907; the places of sale being designated therein and the manner and notice of sale stated. Said Sherman caused notices of the sale to be published and posted and sent to creditors, but the notices included other and different lands than those which belonged to said Edwards and his said estate; the notices did not in form comply with said order of sale; and certain lands belonging to the estate were not described in the said notices. A sale was held at the time and places fixed, was conducted by said Sherman, and the lands belonging to the estate were then and there sold for $1,165, of which sum the Iron county lands brought $1,040. A report of the sale was made and filed May 7, 1908, in which it was stated that the lands had been fairly struck off to the persons named as purchasers for the amounts stated therein, and on the same day an order

was entered confirming the sales and directing Sherman to issue deeds to purchasers, and further to proceed with diligence to collect or adjust the claim against the Northwestern Cooperage & Lumber Company. In August, 1909, Sherman filed a petition setting out the claim against said Cooperage & Lumber Company; that he had many times demanded payment and satisfaction of the same and been refused; that he had a written proposal from Myron J. Sherwood (and it was attached to the petition) submitting two offers, one that he (Sherwood) would pay $225 for an assignment of the cause of action, the other that he would begin suit therefor, pay costs and expenses, and take the judgment recovered to offset any claims for taxes or tax titles which might be held against the land, which had accrued after the making of the assignment. The court made an order directing the assignee to accept the first proposition and to execute and deliver to Sherwood an assignment of the right of action against the said Northwestern Cooperage & Lumber Company or against any other person for cutting and removing timber from the Iron county lands, upon payment of $225. Later, in October, 1909, an order was entered directing the distribution of the proceeds of the sales and requiring the assignee to file a final report. The report was filed December 17, 1909, and on the same day was confirmed, the assignee's bond was canceled, and he released. Complainants accepted the checks which came to them upon this distribution, believing that Sherman had authority to act in the premises and that the property had been fairly sold and the reasonable market value thereof realized.

At the said public sale of lands, as complainants are informed and believe, two persons only appeared to bid for the lands in Iron county, namely, Myron J. Sherwood and J. P. Bushong, each of whom was desirous of acquiring a certain portion thereof, and

they appeared to bid for the same in competition with each other. Instead of bidding, they entered into an agreement, by the terms of which they were to refrain from bidding against each other, each was to acquire a part of the lands offered, each to take his deed therefor, the sum total of their bids was to be paid equally by both, and each was to quitclaim an undivided half interest in the lands acquired by him to the other. The agreement was carried out, each did acquire by bidding some of the land, each received a deed for the land bid in by him, and each later, and in May, 1908, executed to the other a conveyance of an undivided one-half interest in the land so acquired by each. Complainants are informed and believe that some of the land so sold and acquired and divided by the purchasers contains valuable iron ore and was worth, when the assignee's sale was made, and is now worth, many times the price bid for the same; that the demand of the assignee against the Cooperage & Lumber Company was worth $3,000 when it was assigned to said Sherwood. It is prayed that the sales be set aside; that some competent person be appointed assignee of said Edwards to recover all property and property rights belonging to said estate, and to proceed under direction of the court to dispose of such property, fairly, for the benefit of creditors. Besides Sherman, Sherwood, and Bushong, the persons made parties defendant in the bill are many, most of them because they are creditors of Edwards, one of them because he was a purchaser of some land at the said assignee's sale. Defendant Sherwood entered his appearance in September, 1911. By amendment of the bill, in March, 1912, the Northwestern Cooperage & Lumber Company was made a defendant as having, or claiming to have, some right or interest in or title to lands belonging to the estate.

The cooperage company answered the amended bill and asked for affirmative relief. The answer admits

much that is charged in the bill, including the conclusion that all sales of property made by Sherman as assignee, and all proceedings of his in relation to the property, are null and void. Claiming the benefit of a cross-bill, this defendant sets up title in itself to the said Iron county lands, acquired by various sales of the lands for taxes, and conveyance of the same by the auditor general. It charges, also, that, having said tax deeds, it acquired the interest of Edwards, the assignor, by quitclaim deed in December, 1903; that it is owner of the lands, subject only to such rights, if any, as are possessed by the creditors of said Edwards under and pursuant to his said assignment for the benefit of creditors. It is further charged that defendant Sherwood, as the assignee of the demand of Edwards against the cross-complainant, has begun a suit in trover in the circuit court for the county of Delta to recover for timber cut and removed by it from said Iron county lands, in which action a plea of the general issue has been filed, and that said Sherwood ought not to be permitted to prosecute the suit until the questions relating to the validity of the acts of Sherman, as assignee of Edwards, are determined. Further it is charged that certain of the creditors of Edwards have by laches lost their right to proceed against and to regain the lands acquired by this defendant from Edwards; that Schafer, the assignee, died June 8, 1891, and until the filing of a certain petition by certain creditors in November, 1907, under which said Sherman was appointed assignee, no proceedings of any kind were taken with respect to said assigned estate; that that petition being insufficient to confer jurisdiction, and numerous creditors not having accepted the dividend made by said Sherman, a large number of them have for more than 20 years neglected to assert any claim to said lands; that this defendant has meantime made large expenditures on account of said lands. The names of creditors of Ed-

wards who have not for 20 years asserted any claim in respect to said assigned estate are given in the cross-bill. The prayer of the cross-bill is that the large number of defendants named therein answer the same; that the deeds made by Sherman, as assignee of Edwards, of the Iron county lands be set aside, and the title of defendant and cross-complainant to said lands be quieted and established against all claims of Sherwood and Bushong; that defendant and cross-complainant be decreed to be owner in fee of the said lands, subject only to the lawful claims of creditors of Edwards; that defendant Sherwood be restrained from prosecuting his action of trover in Delta county; that certain named defendants be decreed to have by laches become estopped to assert any demands as creditors of Edwards.

The defendant Myron J. Sherwood appeared specially and moved the court to dismiss and strike from the files, so far as he and his rights are concerned, the cross-bill of defendant Northwestern Cooperage & Lumber Company, for the reason that the court has not jurisdiction to determine the matters brought upon the record by the cross-bill. An order was made and entered granting this motion, and from it the Northwestern Cooperage & Lumber Company has appealed.

No one is questioning the jurisdiction of the court as to the matters set up in the original bill. The objections to the answer in the nature of a cross-bill, as stated in the brief for Sherwood, are:

"(a) The cooperage company is neither a necessary nor a proper party defendant.

"(b) Under our practice, an answer in the nature of a cross-bill may not be filed by one defendant against a codefendant.

"(c) The subject-matter of the cross-bill is not germane to the original bill.

"(d) Neither an original bill nor a cross-bill may be filed in Menominee county to quiet title to lands

in another county of this State or to enjoin the prosecution of a suit pending in another county.

"*(e)* The cross-bill does not contain allegations sufficient to give a court of chancery jurisdiction to try title to lands."

Assuming that the court has jurisdiction to entertain the original bill, it is derived, originally, from chapter 260, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14165 *et seq.*). That statute is an act to provide for the regulation and enforcement of assignments for the benefit of creditors. It contemplates that the assignee of a debtor shall take the title to all property of the assignor, not exempt from execution, and dispose of the property for the benefit of the creditors, returning to the assignor any residue. To this end the circuit court, and the judge thereof, has certain powers, and it is provided (section 11) that the circuit court, in chancery, in the proper county, shall have supervisory power of all matters, questions, and disputes arising under such assignment, except as otherwise provided in this act, and may, on the application of the assignee or any person interested, make all necessary and proper orders for the management and disposition of the assigned property, the distribution of the assets and avails, the recovery of all property claimed by third persons, and to prevent any fraudulent transfer or change in the property or effects of the assignor or the allowance or payment of any unjust or fraudulent claim out of his estate. So it is provided (section 6) that in case there shall be any fraud in the matter of said assignment, or in the execution of said trust, or if the assignee shall fail to comply with any of the provisions of this act, or fail or neglect to promptly and faithfully execute said trust, any person interested therein may file his bill in the circuit court, in chancery, of the proper county for the enforcement of said trust; and the court, in

its discretion, may appoint a receiver therein, etc., etc.

It may be said, generally, that under the statute the court has power to direct and control the assignee or receiver in collecting and disbursing the property of the assignor. In the original bill the court is asked to declare that in appointing an assignee, in directing and approving his actions with respect to assigned property, it acted without jurisdiction, and, if it had jurisdiction, it is asked to find that certain conduct of the assignee was fraudulent in effect and to set aside its orders approving such conduct, and, in either case, to proceed to enforce the trust created by the assignment. In such a proceeding, we cannot say that all creditors of the assignor and all persons who claim title to property through the alleged improper conduct of the assignee are not proper parties, if the bill can be maintained. How the interest of a person who claims otherwise than through the assignment proceedings can be affected by any order or decree the court may make is not evident, unless it is voluntarily submitted to the court for decision. The distinction must be observed between the supervisory and other powers of the court in the matter of the administration of the trust and the determination of rights to the property assigned and the recovery of property claimed by the assignee or by creditors to be trust property.

The statute does not give the court, in the assignment proceeding, power to determine the claims of third persons to the assigned property, unless parties concerned are willing and voluntarily subject themselves to the jurisdiction. *Edwards* v. *Symons,* 65 Mich. 348 (32 N. W. 796) ; *Sawyer* v. *McAdie,* 70 Mich. 386 (38 N. W. 292). See, also, *Burnham* v. *Dillon,* 100 Mich. 352 (59 N. W. 176), in which case a bill was filed by general creditors to set aside a chattel mortgage given by the assignor as fraudulent,

the assignee refusing to file it, and the assignee and the alleged fraudulent mortgagee were made parties defendant.

It may be said that in the case at bar the Northwestern Cooperage & Lumber Company has submitted itself to the ·jurisdiction .of the court for the purpose of determining the extent and value of its interest in the Iron county lands, and will therefore be bound by whatever decree the court may make in the premises. Indeed, by appealing from the order striking its cross-bill from the files, it may be said that it is insisting that the court, in this suit, settle its rights to the property.

It is clear, however, that the averments in the bill of complaint are not sufficient to show that it is a necessary or a proper party defendant, and, while it is not contesting the propriety of the complainants' action, we think another and proper defendant called upon to answer its cross-bill may complain that it is an intruder into the case without right to submit therein issues to be met by the other defendants. No decree upon issues presented in the original bill can affect the rights or interests of the Northwestern Cooperage & Lumber Company. Its agreement with or dissent from the charges and conclusions stated in the bill are wholly unimportant. It claims no interest in property derived through the assignment proceedings. Whether the assignee's sale be set aside or be confirmed, its rights are not affected, so far as the title to land is concerned, nor, so far as the pleadings disclose, can its rights or liabilities as a trespasser upon those lands be affected. It has apparently a single interest depending upon the decree the court shall make, and that is that it shall be called to account for its alleged trespasses by a proper person. But, to protect this right, it has no occasion to intrude or to be intruded into this case. We are of opinion that the court below committed no error in dismissing

the answer of the Northwestern Cooperage & Lumber Company, in so far·as it affects the defendant Sherwood. It is unnecessary to consider the other points presented by the appellee.

It is contended that the practice pursued was irregular. We think the point was properly, as it was conveniently, raised by motion, and that the order appealed from w^s in its nature and effect a final order and appealable.

McALVAY, C. J., and BROOKE, KUHN, BIRD, MOORE, and STEERE, JJ., concurred. STONE, J., did not sit.