Argued February 17, affirmed March 9, rehearing denied April 27, 1915.

## CODY LUMBER CO. *v.* COACH.

### (146 Pac. 973.)

**Action—Cross-bill in Action at Law—Determining All Issues.**

1. Where the cross-bill, in an action at law, states a good cause of suit for equitable relief, and the parties stipulate to submit to equity jurisdiction of the court to try their cause, the court properly proceeds to a determination of all the matters at issue, though the evidence does not support the cross-bill.

**Logs and Logging—Contracts—Payments—Readjustment—"Sawmill Tally."**

2. Under a contract of sale by W. to C. of standing timber, to be removed by C., providing for payments monthly, for the amount removed, as shown by the log scale, and for adjustment and final determination semi-annually, from the "sawmill tally" (that is, the tally kept at the mill), of the amount removed, C., in whose hands were the cutting, manufacturing and marketing of the logs, having negligently failed to keep or preserve a sawmill tally, cannot have an adjustment, as the court can adopt no other method of measurement than that provided for by the contract, as this would be to make a new and different contract.

From Coos: JOHN S. COKE, Judge.

Department 1.   Statement by MR. JUSTICE BENSON.

This is a suit in equity by cross-bill by the Cody Lumber Company, a corporation, against Arthur T. Coach, Joseph W. Coach and Mary E. Cary. The facts are as follows:

On the 12th day of April, 1913, the defendants herein began an action at law against plaintiff for the collection of seven promissory notes aggregating the sum of $14,140.81, with interest. Thereafter the plaintiff herein, as defendant in such action at law, filed an answer to the complaint, and then filed its cross-bill in equity, in which are set up, among others, allegations to the effect that the promissory notes, upon which the action at law is based, were executed and delivered in accordance with a certain contract between the parties, which contract is set out in full. This instrument is a

long one, but that portion which is of interest in this discussion reads as follows:

"This agreement made the 25th day of June, 1906, by and between Wm. Coach, the party of the first part, and the Cody Lumber Co., a corporation, the party of the second part, witnesseth: That the said party of the first part, for and in consideration of the covenants, agreements and payments hereinafter stipulated to be performed and paid by the said party of the second part, hereby agrees for himself, his heirs, executors, administrators and assigns, to sell said party of the second part all the timber standing and being on the following described premises, situated in Coos County, State of Oregon, and particularly described as follows, to wit: [Description follows.] And to allow said party of the second part to log off and remove the timber on said premises, and hereby granting said party of the second part the right to construct logging roads over and through said premises wherever necessary and convenient in the operation of removing said timber until said timber is removed, under the conditions and terms following, viz.: The said party of the second part to pay said party of the first part one and one-half dollars per thousand feet for all logs and timber removed from said premises under this agreement, and to remove or log off at least twenty million feet each year until said premises are all logged off, and in case said party of the second part fails to remove twenty million feet during any one year, then said party of the second part shall pay said party of the first part the difference between the amount due for the timber actually removed and thirty thousand dollars, either in cash or by notes of said party of the second part, bearing interest at 8 per cent per annum, from date, and to be due three months after the date thereof. Said amounts so paid in cash or by notes not to be considered as a forfeiture but to be credited when paid on future stumpage, the said party of the second part in no case to pay more than one and one-half dollars per thousand for the timber on said described

premises, whether still remaining thereon or removed by said party of the second part. That the payments shall be computed each month from the log scale to be kept when logs are delivered at the river, and at the end of every six months, to wit, on June 30th and December 31st of each year, the adjustment and final determination of the amount of timber removed to said time, under this agreement, shall be determined from the sawmill tally, except in case where the said party of the second part shall sell the logs, in which case the number of feet sold in the log shall be determined by the scale settled for by the purchaser, and that at the end of each year the said party of the second part shall settle in full any differences or amounts remaining unpaid, and every deficit in amount cut as heretofore agreed. It being understood and agreed by the parties hereto that said party of the second part shall pay in cash or by note due in ninety days from date thereof, with interest at 8 per cent per annum from due, for the amount of timber logged off said premises each month as shown by the log scale for said month.''

It is then alleged that the notes sued upon are a part of.a series of many notes given by the Cody Lumber Company in accordance with the terms of the contract mentioned, for timber scaled each month at the river bank; that many of such notes have been paid, and all of which notes are subject to settlement and adjustment in accordance with the sawmill tally, and the scale actually settled for by purchasers from the Cody Lumber Company; that the total log scale at the river bank was 102,941,657 feet and the total amount of timber removed and logs sold, according to the mill tally and the scale of logs sold, upon which the settlement should be based, was 95,800,108 feet; and that this difference entitles plaintiff to a credit of $10,712.35 upon the notes which are the subject of this litigation. There are, of course, other allegations in the cross-bill,

but the foregoing is a sufficient statement for this discussion.

To this cross-bill the defendants filed an answer admitting the execution of the contract, and that the notes sued upon were given in payment for the timber scaled each month in accordance with the terms of the contract. It is further alleged therein that many logs were lost in the process of being floated down the river, by becoming detached from the rafts, by being carried out over the bar at the mouth of the river, and by being wrongfully appropriated by another mill; that the contract was entered into by the parties with full knowledge and in contemplation of the fact that it was the usage and custom of the mills in that vicinity to saw more lumber out of the logs than the same would scale at the river landing.

A reply having been filed in which the new matter in the answer is denied, and containing new matter which substantially joins issue with the affirmative allegations of the answer, it was stipulated in open court that plaintiff and defendant submit to equity jurisdiction of the court to try their cause. After a trial upon the issues joined, there was a judgment for the defendants for the amounts prayed for as being due upon the notes in controversy, and plaintiff appeals.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. G. T. Treadgold* and *Mr. Abner Jones,* with an oral argument by *Mr. Treadgold.*

For respondents there was a brief over the names of *Mr. A. J. Sherwood* and *Mr. Lawrence A. Liljeqvist,* with an oral argument by *Mr. Sherwood.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. Counsel for plaintiff contends that, when the cross-bill in equity is dismissed, the court has no jurisdiction in either the action at law or the suit in equity, to render a judgment upon matters constituting a cause of action at law, and cites, in support thereof: *Small* v. *Lutz,* 34 Or. 131 (55 Pac. 529, 58 Pac. 79); *Finney* v. *Egan,* 43 Or. 3 (72 Pac. 136); *Hill* v. *Cooper,* 6 Or. 181.

In the case of *Small* v. *Lutz,* the court simply held that, when the cross-bill does not state facts entitling the plaintiff to equitable relief, the court does not acquire jurisdiction but must dismiss the suit and remand the parties to their legal remedy. Mr. Justice BEAN in this case says:

"If the cross-bill had been sufficient to give a court of equity jurisdiction, as the stipulation assumes, the decree therein determining the rights of the parties would have been conclusive in a law action without any stipulation of the parties to that effect."

In the case of *Finney* v. *Egan,* 43 Or. 3 (72 Pac. 136), there was no question of the dismissal of a cross-bill involved. The court determined the equitable rights of the parties, but made no decree upon the question of damages, and this court held that, in the absence of injunction, the law action might proceed for the settlement of that issue.

In the case of *Hill* v. *Cooper,* 6 Or. 181, the question raised here is not in any sense involved.

In the case at bar it is conceded that the cross-bill states a good cause of suit for equitable relief, and the trial court properly exercised its equitable jurisdiction in hearing and determining the issues raised by the pleadings. The court did not dismiss the cross-bill, but, having heard the evidence, proceeded, in accord-

ance with the stipulation of the parties, to a final determination of the matters at issue. We must consider, then, the final judgment of the court, which might perhaps have been more aptly termed a decree, and see whether or not it constitutes a correct determination of the controversy.

2. It may be said without hesitation that the contract provides that any errors, either by way of overestimate or underestimate, caused by inaccuracy in the landing scale of the logs, is to be determined semiannually from the sawmill tally, except where the party of the second part shall sell the logs, in which case the number of feet sold in the log shall be determined by the scale settled for by the purchaser. Plaintiff contends that this has not been done, and that an accounting had in accordance with this clause of the agreement would entitle it to a deduction of about $10,712.35 from the amount claimed by defendants as due upon the notes. The evidence discloses that the plaintiff, for a time, conducted a sawmill of its own, in which the logs cut from defendants' land were manufactured into lumber; that this mill was subsequently destroyed by fire, after which the timber was sold to various purchasers in the log, or sawed for plaintiff in the mills of others. The greater portion of the lumber manufactured by plaintiff was shipped to California, and there disposed of, and the measurement thereof, so far as the record shows, was what is termed in the testimony the "association tally," and was made at the various points in California where the lumber was delivered. Plaintiff's evidence tends to prove that the measurement or tally referred to discloses a manufacture of about 28,500,000 feet. The evidence also discloses that the expression "sawmill tally" means the amount of lumber cut, as shown by

the tally made at the mill.   The "association tally" is therefore not the tally which was agreed upon by the parties as a basis of settlement.   For a court to adopt some other method of measurement than the one specifically provided by the agreement of the parties would be to make a new and different contract from the one entered into by the parties, and that is beyond our power: 9 Cyc. 587.   Without the sawmill tally there is no complete record of the quantity of logs cut, except the "landing scale" kept by plaintiff, and therefore no means provided whereby the court could accomplish the accounting and settlement provided for in the agreement.   The cutting, manufacturing and marketing of the logs were all in the hands of the plaintiff, and if, by its own negligence, it has failed to comply with the terms of the contract provided for its own protection, it cannot complain if it suffers loss thereby.

There are a number of other questions discussed in the briefs, but, since they are all subordinate to the points herein considered, we deem it unnecessary to enlarge upon them.

The decree of the trial court is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.